Loyd WIMSATT, Executor of the Will of Thomas M. Carrico, deceased, Appellant,

v.

HAYDON OIL COMPANY et al., Appellees.

Loyd WIMSATT, Executor of the Will of Thomas M. Carrico, deceased, Appellant,

v.

W. Earl DEAN et al., Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Rehearings Denied June 9, 1967.

Henry D. Hopson, Hamilton, Hopson & Hamilton, Louisville, for appellant.

Robert M. Spragens, Lebanon, H. M. Grigsby, Springfield, for appellees.

DAVIS, Commissioner.

These consolidated cases arose from a motor vehicle accident which occurred December 13, 1962. A passenger car, owned and operated by Thomas Carrico[1], in which his wife was a passenger, was involved in a collision with a truck owned by Haydon Oil Company. Mrs. Carrico died as a result of injuries sustained in the accident; the automobile of Thomas Carrico was demolished. It now appears that Thomas Carrico may have sustained personal injuries incident to the accident, of which more will be said.

There are questions presented in these consolidated appeals which will be better understood after recitation of the factual background.

On July 20, 1963, suit was filed against Haydon Oil Company and its servant, wherein damages were sought for the wrongful death of Mrs. Carrico and for the value of Thomas Carrico's automobile. No claim for damages for the personal injuries of Thomas Carrico was presented in the suit as originally filed. The suit was filed for the plaintiffs by the appellees W. Earl Dean and R. L. Wathen, as attorneys. It is revealed by a pleading of record that at a deposition given in February 1964, Thomas Carrico related that he had sustained substantial personal injuries in the accident; shortly after that deposition was given Thomas Carrico (and apparently the personal representative of Mrs. Carrico) discharged Dean and Wathen as attorneys.

On April 26, 1964, Thomas Carrico filed an amended complaint, through his present attorney of record, wherein he sought recovery of $27,250 as compensation for personal injuries and medical expenses resulting from the accident. This amended complaint was met with a motion to dismiss the claim of Thomas Carrico for his personal injuries, as being barred by the one-year statute of limitation. On June 2, 1964, the trial court dismissed Thomas Carrico's claim for damages for personal injuries and medical expenses as being barred by the limitation statute. KRS 413.140(1) (a).

The case proceeded to trial on the claims for wrongful death and property damages. Verdict and judgment of $6,000 was entered upon the death claim and $260 for the property claim on June 12, 1964.

On September 9, 1964, an agreed order was entered containing the following provisions:

"It appearing to the court that the judgment granted plaintiffs herein has been paid and satisfied in full by the defendants; now by agreement of the parties, it is ordered that this action be dismissed with prejudice and stricken from the docket."

On October 17, 1964, Thomas Carrico instituted suit against his former attorneys, Dean and Wathen, asserting that they had negligently failed to file his claim for personal injuries until it was barred by the limitation statute, and sought damages from them on that account. The attorneys interposed the defenses that the court had erred in striking the claim for personal injuries in the first place, and that the court's error in that respect could have been corrected by timely appeal. Since no appeal was taken from that order, pleaded the attorneys, it was the failure of Carrico to appeal which damaged him—not any neglect on their part. As additional defense, the attorneys pleaded the agreed order wherein the case was dismissed "with prejudice," thus terminating all claims in the case for all purposes.

Carrico moved to strike the portion of the answer which asserted the defense that an

1. Thomas Carrico died pending the appeal.

appeal should have been taken from the order dismissing the personal injury claim. The trial court denied that motion, and upon Carrico's declining to plead further, entered judgment for the attorneys on the pleadings. The propriety of that ruling is before us.

On April 6, 1965, Carrico filed motion in the original action seeking to have the June 2nd order (dismissing his personal injury claim) set aside, pursuant to CR 60.02. The court overruled that motion, and the propriety of that decision is on appeal.

We think it is plain that the appellant may not prevail in the appeal relating to the denial of his motion for relief in the original action under CR 60.02. If the trial court erred in dismissing the amended complaint, that error could have been challenged by regularly prosecuted appeal. CR 60.02 is not a supplemental appeal procedure. The rule enumerates the instances wherein relief under it may be obtained. None of the instances listed is applicable to the situation at bar. The error, if any, was an error of law by the trial court, and subject to review upon appeal in due course; in such a circumstance CR 60.02 may not be invoked as an alternate method of review. James v. Hillerich & Bradsby Company, Ky., 299 S.W.2d 92; Roberts v. Osborne, Ky., 339 S.W.2d 442. It follows that the judgment must be affirmed in the appeal against Haydon Oil Company and its driver, George E. Young.

We now turn to consideration of the appeal as it relates to the claim against attorneys Dean and Wathen. It is recalled that the trial court granted judgment on the pleadings for these appellees. The recitation of the judgment is that the " * * * Third Defense of Defendants' Answer constituted a bar to the cause of action of Plaintiff as set forth in the Complaint." Contained in the "third defense" were the pleas (a) that Carrico's action had been dismissed "with prejudice," and (b) that the order dismissing the amended complaint had been erroneous, and that Carrico

should have corrected that error by appropriate appeal. Our problem is to determine whether either or both of those defenses warranted entry of judgment for the attorneys on the pleadings.

We do not regard the agreed order of dismissal as dispositive of the issues as between Thomas Carrico's personal representative and attorneys Dean and Wathen. In the first place, there was no issue pending in that suit as between Carrico and the lawyers. Moreover, there was nothing to "dismiss" by order at the time the agreed order was entered. The court had already dismissed Carrico's claim for personal injuries—the verdict and judgment had established the extent of the claims for wrongful death and property damage; those two claims were paid in full, as recited in the order, so there was nothing further for the order to "dismiss"—with prejudice or otherwise. It seems clear that the intent of that agreed order was to substantially comply with CR 79.02(2) by reflecting a satisfaction of judgment. We are unable to perceive any basis for holding that the agreed order as between Carrico and Haydon Oil Company inured to the benefit of the attorneys, who were not parties to the action and against whom no claim was then pending. Therefore, it is our conclusion that the pleadings did not warrant judgment for the attorneys on the basis of the agreed order.

It remains to determine whether the pleaded defense of failure to appeal an allegedly erroneous order supports the judgment on the pleadings. The position taken by the appellees Dean and Wathen is that CR 15.03 permitted the relation back of the amended complaint as to Carrico's personal injuries, so that it was error for the court to dismiss the claim. Thus, they reason, even if they were chargeable with negligence in failing to timely present the personal injury claim, such negligence was not the proximate cause of any damage to Carrico. This reasoning is premised on the thought that Carrico could have avoided

the effect of their failure to timely file his case by taking an appropriate appeal from the court's erroneous order dismissing the amended complaint. The appellant maintains that CR 15.03 does not permit a relation back in the situation at bar, so that he had no remedy except a cause of action against the attorneys.

It is our view that CR 15.03, by its own terms, does provide for a relation back to the original complaint in a case of the type at hand. There was only one *cause of action,* and that arose by reason of the negligently induced collision. The damage claims arising out of that single "conduct, transaction or occurrence" consisted of the claims for wrongful death of Mrs. Carrico, personal injuries to Thomas Carrico, and property damage to the Carrico car. All of these claims arose from one tortious act, and by the express language of CR 15.03 the amended complaint asserting Thomas Carrico's personal injuries related back to the date of the original complaint. Thus the statute of limitation had no application. Conley v. Foster, Ky., 335 S.W.2d 904, supports the view we have just stated, although in the Conley case the original complaint did make claim for some damage items arising from personal injury. We think the critical point is that the claim set out in the amended complaint did arise out of the same occurrence referred to in the original complaint.

Appellant suggests that the rule of relation back in this type case will open a door for fraud and misleading of litigants; it is hypothesized that a litigant could file an insignificant property damage claim, thus lulling the defendant into security, and then "relate back" a substantial personal injury claim long after the one-year period, and thereby place the defendant at serious disadvantage. We think the short answer to that contention is to be found in CR 15.01, which reposes judicial discretion in the matter of permitting amended pleadings. In the case supposed by appellant the court would be able to protect against any deliberate effort to beguile the defendant into a position of disadvantage.

But a decision that CR 15.03 permits relation back in this type case does not put the matter at rest. According to the pleadings (upon which the appealed judgment was rested) the attorneys *negligently* omitted to present Carrico's personal injury claim within the limitation period of one year. It is obvious that Carrico would never have had to face the problem of limitation, nor of whether CR 15.03 was available to him, nor of whether to appeal from the court's adverse ruling upon his attempted amended complaint if the attorneys had timely filed his lawsuit. Can the negligent attorneys now escape responsibility because it now appears that Carrico could have had his claim processed if he had pursued the perfect course of legal action? We do not think so, and find the situation at bar to be comparable with those cases which impose liability upon a tortfeasor for the entire damages sustained by one sustaining bodily injuries, even though it is shown that the medical treatment of those injuries may have been remiss.

In City of Covington v. Keal, 280 Ky. 237, 133 S.W.2d 49, 126 A.L.R. 905, this court recognized and followed the general rule, which is thus stated in an accurate headnote:

"If an injured person exercises reasonable care to minimize his damages by selecting a physician or surgeon to treat his injuries, he may recover damages to the full extent of his injuries, even though the physician employed omits to use the most approved remedy, or the best means of cure or fails to exercise as high a degree of skill and care as another physician might have exercised." Id., 133 S.W.2d 49, Headnote 8.

The Keal case has been cited with approval in Croley v. Huddleston, 304 Ky. 811, 202 S.W.2d 637, 640, and in Brown Hotel Company v. Marx, Ky., 411 S.W.2d 911, (de-

cided February 24, 1967). See also 48 A.L.R.2d 348, et seq., and 100 A.L.R.2d 810, et seq. In accord are Prosser, Torts, Sec. 51, pp. 318–319 (3d ed. 1964) and Restatement, Torts, Sec. 457.

It is at once apparent that the rule we have been discussing relates to *personal* injuries, and efforts to minimize them by subsequent medical treatment. The rule in that area seems to be well settled; if the injured person exercises ordinary care in selecting a doctor to treat his injuries, and follows the advice of the doctor, he is permitted recovery for the full extent of his injuries, despite a showing that a better method of treatment was available. We are not able to discern any reasonable basis for a different rule as respects *legal* advice *obtained in an effort to mitigate harm caused by negligent legal practice.*

The same reasons are applicable to the situation at bar as in personal injury cases. One basis for the rule is that the injured person is not skilled in medical science; he has done all that can be expected of him when he exercises ordinary care in selecting a competent physician. By parity of reasoning, it is noted that Carrico was not skilled in law; he was thrust into a precarious legal entanglement by the allegedly negligent action of his first attorneys, and in order to extricate himself from that situation he required legal advice. There is no suggestion that he was negligent in the selection of his second attorney. Indeed, we think it could not be argued that the second attorney was negligent or remiss in seeking to undo the legal harm caused to Carrico by the alleged negligence of his first lawyers. The second attorney promptly tendered the amended complaint, asserting Carrico's personal injury claim. The trial court ruled that it came too late; this court is now holding, by a divided vote, that that ruling of the trial court was erroneous. Was it negligence of the second lawyer to fail to appeal? We think it would require far too great a burden to impose upon a lawyer the prescience which would enable him to foretell that such an appeal would be fruitful. But the real test is whether Mr. Carrico was negligent in not appealing, or insisting on it. To admit that the lawyer was not negligent in failing to appeal is to say certainly that layman-Carrico was free of negligence. How then can the first lawyers, admittedly negligent as the pleadings now stand, take refuge in the assertion that Carrico should have done more to mitigate his damages? It is our view that Carrico did all that the law and reason required of him; the unsuccessful efforts of his second lawyer fall within the risk created by the pleaded negligence of the first lawyers. Reference is had to annotations in 45 A.L.R.2d 5, and 62 et seq. for the general rules incident to liability of attorneys for negligence.

It is our view that the basic questions of liability and extent of damages, if any, should be adjudicated in light of the views expressed in this opinion and after such appropriate further proceedings shall have been taken as will enable the trial court to decide the issues upon the merits.

Lest there be any misconception, we emphasize that nothing in this opinion is intended as a holding or indication that attorneys Dean or Wathen were negligent; we are treating the case on the pleadings, and assuming for this purpose only, the alleged negligence as true.

The judgment is affirmed in the appeal of Loyd Wimsatt, Executor of the Will of Thomas M. Carrico, deceased v. Haydon Oil Company, et al., and the judgment is reversed in the appeal of Loyd Wimsatt, Executor of the Will of Thomas Carrico, deceased v. W. Earl Dean, et al., for proceedings consistent with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.

MONTGOMERY and OSBORNE, JJ., dissent.

MONTGOMERY, Judge, dissenting.

I respectfully dissent from part of the majority opinion. I would affirm the whole case.

There are two reasons why I feel that the majority opinion is wrong. First, the relation back of the amended complaint to the original complaint is bad statutory construction. A tortious act may give rise to several causes of action. When the Legislature provided two statutes of limitation, one for personal injuries and the other for injury to personal property, it recognized two different causes of action and provided different lengths of time in which each may be brought. I cannot understand how you can have one cause of action and say that part of it is barred in one year and part is barred in five years. The relation back of the cause of action claimed in the amended complaint does violence to the statute of limitation in that type of action. It is a basic principle of statutory construction to give effect to and harmonize various statutes when possible.

My second reason for dissenting is that I feel that the appellant lost any right to litigate further his claim for personal injuries when he failed to present that question on appeal in the original action, but, instead, accepted settlement and permitted satisfaction of judgment to be entered. At the time the satisfaction of judgment was entered he had already lost his right to appeal and to have that question litigated because he had failed to take the proper and timely steps for an appeal. I do not think he should be permitted to do so now.

OSBORNE, J., joins in this dissent.