**Burton ARMES, Administrator of the Estate of Lewis Armes, Deceased, Appellant,**

v.

**Betty Lou ARMES, Appellee.**

**Burton ARMES, Administrator of the Estate of Lewis Armes, Deceased, Appellant,**

v.

**Dorothy Faye MARCUM, Appellee.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

As Modified on Denial of Rehearing Feb. 23, 1968.

**138**

———◆———

Richard C. Ward, Willis W. Reeves, Reeves, Barret & Cooper, Hazard, for appellant.

J. Robert Morgan, Cordell H. Martin, Hindman, for appellees.

NOLAN CARTER, Special Commissioner.

On Christmas night, December 25, 1962, Lewis Armes, at the request of his daughter-in-law, appellee Betty Lou Armes, drove her in his truck from her home in Anco, Knott County, to a store at Sassafras, also in Knott County. On the way, they stopped and picked up Lewis Armes' daughter, appellee Dorothy Marcum, and her two-month old baby. They arrived at the store at about 9:30 or 10:00 p.m., and found the store closed. They then decided to drive north on Highway 15 toward Vicco. The truck refused to start, and with the aid of a man identified only as "Elwood", who lived across the road from the store, the truck was backed into the highway and headed north. Elwood was called by his wife and returned home. As David (Kendrick) Combs, accompanied by a girl companion, drove his car along the highway headed south, he was flagged by Lewis Armes. He stopped his car approximately opposite the Armes truck on the traveled portion of the highway and in his lane, with his headlights burning. He alighted from his car to help push the truck, telling his companion to drive his car off the highway. Before his car was driven off the highway, and while David was helping to push the truck, a car driven by Donald Adams northwardly along the highway struck the rear of the Armes

truck, and Lewis Armes, died as a result of the injuries he received, and appellee, Betty Lou Armes, was injured.

At the time of the collision, David Combs was at the left rear of the truck and managed to jump clear. Dorothy Marcum was at the steering wheel with her baby on the seat beside her. She was also injured. Admittedly, no flares, lanterns or other signals were placed upon the highway to give notice of the presence of the Armes truck, nor was anyone detailed to flag approaching traffic. There is a conflict of evidence as to whether the rear lights of the truck were on.

Appellee Betty Lou Armes and appellee Dorothy Marcum filed separate suits against the estate of Lewis Armes, deceased, David (Kendrick) Combs and Donald Adams, to recover for their injuries. The cases were consolidated and tried together. The jury returned a verdict for each appellee in the amount of $5,000.00 against the estate of Lewis Armes, but awarded nothing against the other defendants. Judgment was entered upon the verdict.

Appellant, the estate of Lewis Armes, filed motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The motion was overruled, and appellant prosecutes this appeal.

Upon appeal, two grounds are urged for reversal: (1) "Even if truck owner was negligent in pushing his stalled truck on the traveled portion of the highway without giving warnings, were his alleged statutory violations the proximate cause of the collision which occurred when an oncoming motorist struck the rear of the stalled truck, causing his death and plaintiffs' injuries?" (2) Did the two guest passengers who voluntarily assisted the truck owner to start the truck, thereby placing themselves in a position of peril, assume the risk, or were they guilty of contributory negligence as a matter of law, barring their recovery for resulting injury?

(1) It is urged on behalf of appellant that the placing by Lewis Armes of his stalled truck on the highway, and his failure to place flares or other signals as required by statute, and his failure to detail anyone to flag approaching traffic, and his failure to have his taillights burning, if he did so fail, were not the proximate cause of the accident; that these acts and failures on the part of Lewis Armes merely created the condition or occasion of the injury, but were not a proximate cause thereof; and that the proximate cause of the collision was the defendant Donald Adams' negligence which culminated in the collision.

A very thorough discussion of the precise question with which we are confronted is contained in Hines, et al. v. Westerfield, Ky., 254 S.W.2d 728 (1953). In that case, the court said:

"The determination of proximate cause has always been a difficult matter for the courts, particularly when there has been an intervening act or force between what is charged as the original negligent act and the resulting injuries. The rule for determination of proximate cause is universally recognized, but difficulty arises in an application of the rule to the facts of every case. It is elementary that if a cause is remote and only furnishes the condition or occasion of the injury it is not the proximate cause thereof. To be proximate, a cause is not required to be the last link in the chain of events. An act or force may intervene without breaking the chain of cause and effect, so long as the intervening force or act is not the superseding cause. A superseding cause relieves the original negligent actor from liability irrespective of whether the antecedent negligence was or was not a substantial factor in bringing about the injury. The most perplexing problem in connection with the subject of proximate cause is the determination under the facts of each case of whether or not the intervening force or act is the superseding cause. * * *

"If the original negligent act set in force a chain of events which the original negligent actor might have reasonably foreseen would, according to the experience of mankind, lead to the event which happened, the original actor is not relieved of liability by the intervening act. If, however, the ultimate injury is brought about by an intervening act or force so unusual as not to have been reasonably foreseeable, the intervening act is considered as the superseding cause and the original actor is not liable."

See also Bosshammer v. Lawton, Ky., 237 S.W.2d 520 (1951).

■ Applying this test to the facts of the instant case, we have reached the conclusion that the placing of a stalled truck upon Highway 15 in the dead of night, and the failure to place flares or other devices upon the highway as required by KRS 189.070, and the failure to have someone flag approaching traffic upon the highway at the time, according to the experience of mankind, might reasonably have been foreseen as acts which would lead to the collision which occurred. Collisions with automobiles and trucks or other vehicles stalled upon the traveled portion of highways are frequent. The legislature recognized the foreseeability of such collisions in enacting KRS 189.070. We, therefore, conclude that Lewis Armes' actions in placing his stalled truck upon the highway, and his failure to place flares or other devices to give notice of the fact, and his failure to have someone flag approaching traffic, plus his failure, if he did so fail, to have his taillights burning, were a proximate cause of the collision.

■ (2) Going now to the second ground relied on for reversal, in the case of Parker v. Redden, Ky., 421 S.W.2d 586, the opinion in which was handed down on June 23, 1967, this court abolished assumption of the risk as a separate defense and broadened the doctrine of contributory negligence to include it. This court now adheres to the rule that "if there was no substantial necessity or urgency for the plaintiff's subjecting himself to the risk, or if the risk was one that easily could have been eliminated before the plaintiff took action, the plaintiff who took the risk must be considered as a matter of law to have acted unreasonably and he will not recover. On the other hand, if there was an urgent necessity for the plaintiff to incur the risk, such as to save a life, and if the risk could not easily have been eliminated, there is no reason why the damage suffered by the plaintiff should be borne by him rather than by the defendant who negligently created the risk * * * [I]t naturally follows that the question of whether (plaintiffs) should be barred from recovery in the instant case is one of contributory negligence—failure to observe the standard of care of the ordinarily prudent man (or a statutory standard of care)."

■ We think, when all the circumstances are considered in this case, the appellees had a justifiable reason for their actions in assisting in the effort to start the stalled truck. Here were two women marooned in a stalled truck miles from their home on a winter night with a two-month old child, with no other means at hand or easily obtainable to return them to their homes. Such a situation measured by the ordinarily prudent person test, admits of but one conclusion; that is, that the risk appellees took may have been a reasonable one, and should not bar their recovery as a matter of law. This issue was submitted to the jury which found them free of negligence.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

HILL, J., not sitting.