Geneva Mae PERKINS, now
Dyer, Movant,

v.

Charles Elbert READ and Charles Emery
Read, Respondents.

Supreme Court of Kentucky.

May 5, 1981.

As Modified on Denial of Rehearing
June 16, 1981.

William P. Mulloy and F. Larkin Fore, Louisville, for movant.

Reford H. Coleman, Elizabethtown, James E. Bondurant, Hodgenville, for respondents.

CLAYTON, Justice.

On December 17, 1972, an automobile driven by Edwin Perkins collided head-on with an automobile operated by Charles Read and owned by his father. Both Perkins and his wife, Geneva, a passenger in the car, were seriously injured. Edwin Perkins subsequently died as a result of his injuries.

On April 8, 1973, Geneva Perkins filed a wrongful death action against the Reads in Larue Circuit Court. The complaint named Mrs. Perkins individually as well as in her capacity as executrix of her husband's estate. The relief sought was limited to a claim of damages for Edwin's wrongful death and destruction of the Perkins vehicle.

On October 11, 1976, Geneva sought leave to file an amended complaint asserting a claim for damages arising from personal injuries she sustained in the collision. The circuit court first allowed the amended complaint to be filed, but later ordered it dismissed as being barred by the one-year statute of limitations for personal injury actions. On appeal the Court of Appeals affirmed. The case is before this court on our grant of discretionary review.

■ Movant persuasively argues that her amended complaint should be allowed within the purview of the rules pertaining to the amendment of pleadings. CR 15.03 provides in part:

> (1) When the claim ... asserted in the amended pleading arose out of the *conduct, transaction,* or *occurrence* set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. (Emphasis added.)

The rule is based on the theory that notification of litigation concerning a given transaction or occurrence should be sufficient to toll the statute even though the precise legal description is added later by amendments.

■ Based on the facts of this case, we reach the conclusion that the trial court erred in disallowing the amended complaint. The facts are remarkably similar to those in *Wimsatt v. Haydon Oil Company*, Ky., 414 S.W.2d 908 (1967), in which we said:

> It is our view that CR 15.03, by its own terms, does provide for a relation back to the original complaint in a case of the type at hand. There was only one cause of action, and that arose by reason of the negligently induced collision. The damage claims arising out of that single "conduct, transaction or occurrence" consisted of the claims for wrongful death of Mrs. Carrico, personal injuries to Thomas Carrico, and property damage to the Carrico car. All of these claims arose from one tortious act, and by the express language of CR 15.03 the amended complaint asserting Thomas Carrico's personal injuries related back to the date of the original complaint. Thus the statute of limitations had no application....

*Id.* at 911. Hence the important consideration is not whether the amended pleading presents a new claim or defense, but whether the amendment relates to the general factual situation which is the basis of the original controversy. Clay, Ky. Prac. 3rd Ed. Civil Rule 15.03.

Like *Wimsatt* the automobile collision was the sole factual situation giving rise to the cause of action in the case at bar. In this respect it represented the "conduct, transaction or occurrence" which formed the basis for the original complaint. This case differs from those in which a plaintiff seeks to amend a complaint in order to include an unrelated cause of action or to name a new party. Mrs. Perkins filed the initial action naming herself individually and as executrix. The Reads were apprised of her personal injuries from the outset even though this claim was not asserted in the original complaint. It cannot be said that they will be unduly prejudiced by allowing the complaint to be amended. *See Rucker v. Rainwater*, Ky., 449 S.W.2d 753 (1970). To the extent that *Totten v. Loventhal*, Ky., 373 S.W.2d 421 (1963), is in conflict, it is overruled.

The decision of the Court of Appeals and the judgment of the trial court are reversed and the case is remanded to the Larue Circuit Court for further proceedings consistent herewith.

All concur except STEPHENSON, J., who dissents.