Lewis P. FLOYD, Hartford Bakery, Inc., and Audrey Floyd, Movants,

v.

Thomas A. GRAY, Ruby A. Gray, and State Farm Mutual Automobile Insurance Company, Respondents.

Supreme Court of Kentucky.

Aug. 31, 1983.

Rehearing Denied Nov. 2, 1983.

John L. Dorsey, Jr., Dorsey, Sullivan, King & Gray, Henderson, for movants.

J. Quentin Wesley, Wesley & Simpson, Morganfield, for respondents.

STEPHENS, Chief Justice.

The major issue we decide on this appeal is whether the statutory tort of loss of consortium is within the purview of the Motor Vehicle Reparations Act thus making the two year statute of limitations therein applicable. The Court of Appeals answered the question in the affirmative. We disagree, and reverse that part of the opinion. In all other respects, we affirm.

This appeal arises from a judgment of the Union Circuit Court in which a jury returned a verdict for the respondent Thomas Gray, against the movants Lewis Floyd and Hartford Bakery, Inc., in the amount of $31,308.22, and a verdict for respondent Ruby A. Gray, in the amount of $50,000. On appeal, the Court of Appeals affirmed the judgment. We granted discretionary review.

This case arose from a collision which occurred on a snow covered road in Union County on February 19, 1979. Movant Floyd, an employee of Hartford Bakery, Inc., was making a regular bread delivery in a company owned truck. Floyd was proceeding eastward on a two-lane road, toward a grocery store. The road is relatively straight, and descends into a slough, and then ascends to the grocery. Floyd was traveling between 35 and 40 miles per hour, when he noticed a bank of fog covering the road at the slough. He could see the roadway beyond the fog on the other side of the slough, and no vehicles were visible. Upon entering the fog, Floyd saw Thomas Gray's car, also headed eastward stopped in his

traffic lane. He attempted to stop the truck, but was unable to do so and crashed into the back of Gray's vehicle. On April 17, 1979, Gray, who was in his car at the time of the accident instituted this action against movants, for personal injuries. Floyd subsequently counterclaimed for his injuries and damages. On May 2, 1980, nearly fifteen (15) months after the accident, the trial court permitted an amendment to the complaint so that Gray's wife, Ruby, could intervene and assert a claim for loss of consortium. The trial court denied movant's claim that the one year statute of limitations barred the wife's claim.

Movants urge six alleged errors: (1) that the claim of the intervening movant, Ruby Gray, for loss of consortium is barred by the one year statute of limitations; (2) that the trial court erred in permitting the filing of the amended complaint in violation of CR 24; (3) that the damages rendered for loss of consortium were excessive; (4) that the respondent, Thomas A. Gray, was contributorily negligent as a matter of law; (5) that there was no causative negligence on the part of movant, Lewis Floyd; (6) that the trial court erred in giving the jury unnecessary and prejudicial instructions.

Movant's first contention is that the claim of the intervening movant, Ruby Gray, for loss of consortium is barred by the one year statute of limitations. We agree and reverse the Court of Appeals.

The Court of Appeals affirmed the trial court's decision that the wife's claim for a loss of consortium was subject to the two year statute of limitations set out in the MVRA rather than the one year statute of limitations set out in KRS 413.140.

Relying on the case of *Tucker v. Johnson,* Ky.App., 619 S.W.2d 496, 497 (1981), the Court of Appeals reasoned that the two year statute of limitations in the MVRA was enacted to provide a limitation for those actions involving motor vehicle accidents which would fall within the parameters of No Fault benefit except for the fact that the statutory thresholds have been ex-

ceeded, thereby making tort recovery possible. The Court felt that a claim for loss of consortium is "akin" to a claim for replacement services under the No Fault statute, and therefore the tort was within the aegis of the MVRA. Since Mrs. Gray's damages exceeded the statutory thresholds, the court held that the two year statute of limitations was applicable.

■ We agree with the Court of Appeals that KRS 304.39-230(6) provides a statute of limitations for those actions involving motor vehicle collisions which fall within the purview of No-Fault benefit recovery which have met or exceeded the statutory thresholds of KRS 304.39-060(2). However, we disagree that an action for loss of consortium falls within the perimeters of MVRA benefit recovery or that a claim for loss of consortium is "akin" to a claim for replacement services loss under the MVRA.

■ Loss of consortium is an independent cause of action authorized by KRS 411.145(2). A wife or husband may recover from a third party whose negligence or wrongful act resulted in the loss of "services, assistance, aid, society, companionship, and conjugal relationship between husband and wife, or wife and husband." KRS 411.-145. An action for loss of consortium is required to be brought within one year after the injury. KRS 413.140(a).

The claim of the intervening plaintiff, Ruby A. Gray, for loss of consortium is barred by the one year statute of limitations because the claim was brought nearly fifteen (15) months after the injury. Therefore the trial court erred when it permitted the intervening complaint for loss of consortium.

■ Loss of consortium is not a recoverable injury within the purview of the MVRA. Under the MVRA, the injured party's right of recovery is his entitlement to basic reparation benefits without proof of fault. *Fann v. McGuffey,* Ky., 534 S.W.2d 770, 773 (1975). Personal injury in the na-

ture of "pain, suffering, mental anguish, inconvenience because of bodily injury, sickness or disease arising out of ownership, maintenance, operation or use of a motor vehicle" may be recovered provided the statutory thresholds are met or exceeded. KRS 304.39–060(2)(b). Those thresholds require that the injury must result in medical expenses in excess of $1,000.00 or a permanent disfigurement, fracture of a weight bearing bone or permanent injury or death. *Id.* An action for such tort liability must be instituted within the two year period after the injury, or death or the last payment of a reparation whichever occurs later. KRS 304.39–230(6).

 The two year statute of limitations set forth in the MVRA applies only to those actions within the purview of the statute. Not all actions arising out of motor vehicle collisions are covered by the MVRA and its two year statute of limitations. See, *Gray v. State Farm Mutual Automobile Insurance Company,* Ky.App., 605 S.W.2d 775 (1980). Rather, the two year statute of limitations applies only to the institution of a suit by an injured person or in the event of injury resulting in death, by those entitled to survivor's benefits. *Id.* at 776.

 While Mrs. Gray may have suffered a loss by reason of her husband's injuries, any such injuries are not injuries covered by the MVRA and consequently, not within the two year statute of limitations contained therein.

Thus the proper inquiry is whether Ruby A. Gray's claim for loss of consortium was timely. Her claim for such loss, brought nearly fifteen months after the injury, is barred by the applicable one year statute of limitations: KRS 413.140(a).

Our disposition of Movant's first issue renders discussion of issues two and three irrelevant.

 Movants fourth contention is that the trial court erred by failing to direct a verdict in favor of them. They argue that Thomas Gray was contributorily negligent as a matter of law when he voluntarily stopped on the main traveled portion of the highway thereby violating KRS 189.450(1). We see no merit in this argument. A review of the record reveals that there was evidence presented that Gray did not violate KRS 189.450(1). A motorist is absolved from his duty not to voluntarily stop on the main traveled portion of the road if his car becomes disabled and it becomes impossible or impracticable not to occupy that portion of the highway. KRS 189.450(1)(a).

Evidence was presented that Gray's car had become disabled within two or three minutes of the collision and that he had attempted to start the car. Additional testimony revealed that Gray's car had stalled on at least two prior occasions. No evidence was presented that once the car became disabled it was possible for respondent to remove the car from the main traveled portion of the road. We hold that the trial court properly submitted the issue of respondent's contributory negligence to the jury.

 The third argument urged by movants is that respondent's failure to warn other motorists of his stopped car was the proximate cause of the collision and as such constituted contributory negligence as a matter of law. Movants cite *Armes v. Armes,* 424 S.W.2d 137 (1968) in support of their argument. *Armes,* however, is distinguishable because the driver of a stopped vehicle in that case was under a statutory duty to warn oncoming traffic with flares or lanterns because the incident occurred at night. KRS 189.070. The collision in this case occurred early in the morning and there was evidence that the accident occurred within a few minutes after Mr. Gray's car had become disabled. Furthermore, the jury was properly instructed on Gray's duty to warn approaching vehicles. We find that the issue was properly submitted to the jury.

 Movant's contention that no causative negligence on their part was shown and

therefore the trial court erred by failing to direct a verdict in favor of them is without merit. The speed limit on the snow-packed road on which the accident occurred is 35 miles per hour. Movant testified that he was traveling between 35 and 40 miles per hour when he entered a dense bank of fog. This is sufficient evidence to create a submissible jury issue as to whether movant was negligent in entering a fog bank at such a speed on a snow-packed highway.

Movants next contend that the trial court erred by giving unnecessary and prejudicial instructions on agency because it had been stipulated that an agency relationship existed between movants. While unnecessary, the giving of such jury instructions was not so prejudicial as to require a new trial.

We direct the Union Circuit Court to enter a judgment consistent with this opinion.

STEPHENS, C.J., AKER, WINTERSHEIMER, and STEPHENSON, JJ., concur.

VANCE, J., not sitting.

LEIBSON, J., dissents in an attached opinion.

GANT, J., joins in this dissent.

LEIBSON, Justice, dissenting.

I dissent from that portion of the majority opinion holding that Ruby Gray's claim for loss of consortium is barred for failure to file within one year of the date of the occurrence.

In my judgment, there are two reasons why the majority opinion is in error: First, under KRS 304.39–230(6), a claim for loss of consortium is "an action for tort liability" timely when "commenced not later than two (2) years after the injury." Second, under CR 15.03(1), the rule of relation back of amended pleadings to the date of filing of original pleadings, the complaint filed by

Thomas Gray two months after the accident tolled the statute of limitations on Mrs. Gray's claim for loss of consortium.

The issue in this case is a narrow one. The statute of limitations formerly applicable to all actions for damages resulting from personal injury from whatever cause was one year. KRS 413.140(a). The question is whether the Motor Vehicle Reparations Act (MVRA) extends this one year statute to two years for all tort actions resulting from motor vehicle accidents not foreclosed by the threshold section or whether it extends the statute of limitations only in those cases where the claimant is not only entitled to no-fault benefits but also has a claim for tort liability.

The "Policy and Purpose" of MVRA is set out in KRS 304.39–010. MVRA is intended "to correct the inadequacies of the present reparation system."

The "Limitations of Actions" section, KRS 304.39–230, has six different subsections. The one at issue here is subsection 6, which provides:

"An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs."

*Fann v. McGuffey*, Ky., 534 S.W.2d 770, 775 (1975), paraphrases this section as covering "an action for tort recovery not foreclosed by KRS 304.39–060." This indicates a broad and general application of the statutory language.

KRS 304.39–060 is the so-called threshold section. For those who have not rejected "no-fault," it abolishes tort liability from a motor vehicle accident for a personal injury that is deemed negligible because it is less than certain minimum thresholds set out in MVRA. The threshold section has no application in the present case in which everyone concedes the injury to Mr. Gray exceeds the threshold.

A spouse's right to damages for loss of consortium is an "action for tort liability" and, just like the claim for the injured spouse from which it derives, it is not abolished by KRS 304.39–060 so long as the underlying claim crosses the threshold.

In my judgment the language of KRS 304.39–230(6) is not ambiguous. There is no need to add words to give it meaning. If the legislature meant to extend the statute of limitations to two years only in those cases where the "action for tort liability" was on behalf of a person to whom no-fault benefits were paid or payable, it needed only to say so. It did not say so and neither does *Fann v. McGuffey, supra,* which addresses the scope of the statute.

The basic problem with the majority opinion is failure to recognize the true nature of the action for damages for loss of consortium. Such an action is derivative in nature, arising out of and dependent upon the right of the injured spouse to recover. Mrs. Gray's claim arises out of the same personal injury as does her husband's claim. It is from the same cause. It is subject to all of the same defenses as are available against her husband, such as the contributory negligence claim that the jury rejected. Limitations is simply one of those defenses, statutorily provided.

When a person sustains personal injury in a motor vehicle accident, the injury may give rise to multiple claims for tort liability deriving from the same injury. This occurs when there is a spouse who suffers from loss of consortium from that same injury. It is illogical to suppose that the legislature intended separate statutes of limitations for two claims arising out of one injury. We should not suppose that the legislature intended to be intentionally illogical, nor should we interpret the statute to bring about an obviously illogical result.

The situation is analogous to *Blackburn v. Burchett,* Ky., 335 S.W.2d 342 (1960). In *Blackburn* we held that the parent's claim for loss of services and medical expenses incurred by reason of injuries inflicted on his child was limited by the statute of limitations pertaining to personal injury. We stated at p. 343:

> "Plaintiff takes the position that an infant has one cause of action for his injuries and his parent has a separate cause of action for loss of services and medical expenditures. This is true. However, the parent's cause of action arises out of an injury to his child."

The Kentucky Court of Appeals decided the present case following as precedent a published opinion in an earlier case squarely in point, decided by the same court—*Tucker v. Johnson,* Ky.App., 619 S.W.2d 496 (1981). In *Tucker* we denied discretionary review. Clyde Tucker was injured in a motor vehicle accident on June 13, 1978. Clyde and Gladys Tucker filed Clyde's personal injury claim and Gladys' loss of consortium claim 22 months later. The complaint setting out the claim for loss of consortium on behalf of Mrs. Tucker has been filed in the "Appendix" to the Grays' Brief in the present case. The claim is the same as Mrs. Gray's claim. In *Tucker* the Court of Appeals analyzed the "limitations of actions" section of MVRA and the language of this Court in *Fann v. McGuffey, supra,* and concluded (as I have) "that KRS 304.39–230(6) was not another statute limiting commencement of actions brought for no-fault benefits, but rather was designed for a separate purpose. That purpose is to provide a statute of limitations for those actions involving motor vehicle mishaps (not excluded by the "no-fault" statute) thereby making tort recovery possible." 619 S.W.2d at 497.

Speaking to both the husband's claim and the wife's claim for loss of consortium, *Tucker* states at p. 497:

> "This is such a case. The damages allegedly received by the Tuckers exceed the thresholds, and thus they have sought tort recovery as a remedy. Their action was initiated within two years after the injuries received in the accident. . . . (T)he action of the Tuckers was not barred."

The majority opinion suggests that the claim for loss of consortium arising out of personal injury to one's spouse is somehow different by referring to it as "the statutory tort of loss of consortium .... an independent cause of action authorized by KRS 411.145(2)." Loss of consortium is an ancient and historical right. The statute codifying it, KRS 411.145, was for no other purpose but to recognize that a wife has such a claim as well as a husband. As a matter of fact, at about the same time this statute was enacted, this Court recognized that the common law right of consortium should extend to a wife as well as a husband in *Kotsiris v. Ling,* Ky., 451 S.W.2d 411 (1970).

In sum, loss of consortium derives out of the spouse's injury. Whatever the source of the injury to the spouse, it gives rise to a cause of action in two persons. If the source is a motor vehicle accident, it is "tort liability" arising out of the motor vehicle accident, and as such is covered with specificity by the language of KRS 304.39–230(6).

The majority opinion fails to address the fact that Mrs. Gray's claim for loss of consortium was presented in an amended complaint. The original complaint for personal injury on behalf of her husband was filed two months after the accident occurred. Under CR 15.03(1) the rule that covers relation back of amendments to the pleadings for a claim arising out of the occurrence set forth in the original pleading, the complaint filed by Thomas Gray two months after the accident tolled the statute of limitations as to Mrs. Gray's claim for loss of consortium.

It is a new claim for a new party. But it derives from the same injury. The test, as set out in Rule 15.03(1), is whether the new claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." When it does, as it does here, "the amendment relates back to the date of the original pleading."

In *Perkins v. Read,* Ky., 616 S.W.2d 495 (1981), we held that an amended complaint asserting a claim for a wife's damages arising from personal injuries she sustained in an automobile collision related back to the date of an original pleading wherein "the relief sought was limited to a claim of damages for (husband's) wrongful death and destruction of the Perkins automobile."

In *Perkins* the original claim for wrongful death filed on behalf of the husband's estate was designated a complaint filed by the widow individually and in her capacity as executrix of her husband's estate. But naming herself individually was surplusage because the wrongful death claim on behalf of her husband's estate could be filed only in her capacity as personal representative. The decision turned on the fact that the defendants "were apprised of her personal injuries from the outset even though this claim was not asserted in the original complaint." We concluded that the amended complaint should be allowed because "it cannot be said that (the defendants) will be unduly prejudiced by allowing the complaint to be amended." In *Perkins* we state at p. 496:

> "Hence the important consideration is not whether the amended pleading presents a new claim or defense, but whether the amendment relates to the general factual situation which is the basis of the original controversy. Clay, Ky.Prac.3rd Ed. Civil Rule 15.03."

The opinion in *Perkins* cites an earlier case, *Wimsatt v. Haydon Oil Co.,* Ky., 414 S.W.2d 908 (1967), in which we held that a claim that asserted a cause of action only for wrongful death of the wife and property damage to the husband's automobile could be amended to present an additional claim for personal injuries to the husband from the same accident, even though the husband's personal injury claim would have been otherwise barred by the statute of limitations. The principle of relation back under CR 15.03 was applied.

In *Wimsatt* we said at p. 911:

> "There was only one *cause of action,* and that arose by reason of the negligently induced collision." (emphasis added).

The test in deciding when to permit the amended pleading stating the new claim and apply the principle of relation back is simply this: did the defendant receive sufficient notice of the existence of the claim within the period provided by law so that he is not prejudiced by permitting the new claim? In the present case, if there were two separate claims for personal injury by two people separately injured, CR 15.03 would not apply because it would not be fair to state the defendant was on notice of the existence of the claim within the period provided by law for the commencement of the action. But where, as here, the additional claim is for loss of consortium, it derives from the same personal injury as to which the defendant is on notice from the beginning. CR 15.03 should apply.

I would affirm the decision of the Court of Appeals.

GANT, J., joins in this dissent.