### Commonwealth, By et al. v. McCauley's Executor.

(Decided October 27, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Taxation—Inheritance Tax—Not Retroactive—What Property Not Liable Therefor.—The Statute of 1906 imposing an inherit-

ance tax, cannot be given a retroactive effect, therefore property the title to which was acquired before the statute became effective, is not liable for such tax, in the hands of the owner.

2. Deeds—Title to Real Estate Conveyed by Deed—Vests Upon Delivery of Deed.—Where a testatrix, by will executed in 1906, devised real estate to a person to whom she had by deed conveyed the same property in 1895, reserving to herself a life estate therein and power to revoke the deed during her lifetime, which power was never exercised, the title to such real estate passed by the deed of the testatrix and not under the will. The grantee took under the deed a defeasible fee in remainder, subject to be defeated by the grantor's revocation of the deed, and as the deed was never revoked, and the life estate it reserved to the grantor, ceased at her death, the grantee's title was complete without the devise in the will.

3. Appeal and Error—Judgment Will be Affirmed if Correct, Although Based on an Erroneous Ground.—As Section 134, Civil Code, provides: "The court must in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect," although the circuit court may have erred in adjudging the dismissal of an action upon the ground indicated, yet if on consideration of the whole record the Court of Appeals finds that the judgment was authorized upon a different ground, it will be affirmed.

MATT J. HOLT and SCOTT BULLITT for appellant.

LEE HAMILTON and STROTHER & HAMILTON for appellee.

Opinion of the Court by Judge Settle—Affirming.

This is an appeal from a judgment of the Jefferson Circuit Court, Chancery Branch, First Division, dismissing a proceeding instituted by a revenue agent to recover an inheritance tax claimed to be due the Commonwealth from the estate of Winifred McCauley, deceased, under Section 4281a, Kentucky Statutes. The proceeding was commenced in the Jefferson County Court, and upon being there dismissed was appealed to the circuit court, with the result stated. The dismissal in the county court was based upon the ground that the estate was not liable for the inheritance tax claimed. The dismissal of the appeal in the circuit court was adjudged under Article 2, Chapter 116, Section 6, of the Act of 1912, on the ground that the proceeding was pending in that court on July 1, 1912, and had been pending therein since July 6, 1909, and that for more than ninety juridical days

prior to July 1, 1912, no steps had been taken by the officer instituting the same.

It is insisted for appellee that although the circuit court may have erred in adjudging the dismissal of the proceeding upon the ground indicated, yet if, on consideration of the whole record, the judgment was authorized upon a different ground and for that reason is found to be correct, it should not be reversed on this appeal. This rule has been recognized by us in the following cases: Commonwealth v. Campbell, 128 Ky., 252; Fritz v. Tudor, 1 Bush, 28; Cornell Wind Engine & Pump Co. v. Breed, 13 R., 365; Henderson v. Baker, 1 J. J. Mar., 318; Clark v. Boyd, 6 T. B. Mon., 293, and is expressly sanctioned by a provision of Section 134, Civil Code, which declares:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

It follows from what has been said that if the estate left by Winifred McCauley is not liable for the inheritance tax attempted to be recovered by the revenue agent, the judgment of the circuit court dismissing the proceeding, though rested upon a different and erroneous ground, should be affirmed.

Winifred McCauley died October 20, 1906, leaving a will whereby she devised to P. M. J. Rock, a Catholic priest, her entire estate. At the time of her death she owned a life estate in certain lots in the city of Louisville, and, in addition, personal property admittedly of less value than $500.00, which exempts it from the inheritance tax. Consequently, the only matter in controversy is as to whether the real estate is subject to the tax. The testatrix by deed of May 25, 1895, conveyed to P. M. J. Rock the lots in question, subject to a life estate retained in and to the whole by the grantor, and reserved to the latter the power to revoke the deed at any time before her death; which power of revocation, it is admitted, was never exercised by her.

So the title conveyed Rock by the deed was a defeasible fee in remainder, which vested immediately upon the delivery to the grantee of the deed, subject to be defeated by a revocation of the deed by the grantor. As the power of revocation was never exercised by the

grantor, the life estate retained by her in the property ceased at her death, which left Rock its sole owner. The will left by Winifred McCauley became effective as of the date of her death, but, although it made Rock the sole devisee of all the estate of which she died possessed, his title to the real estate passed to him under the deed and not by the devise contained in the will. Not even the life estate which the testatrix had reserved in the deed went to him by the will, because that ceased with her death.

The act under which the inheritance tax is claimed by the appellant was approved March 15, 1906, and became effective June 13, 1906, more than eleven years after the execution and delivery of the deed in question. The act, Section 4281a, Sub-section 1, declares:

"All property which *shall* pass, by will or by the intestate laws in this State, from any person who may die seized or possessed of the same while a resident of this State, or, if such decedent was not a resident of this State at the time of death, which property, or any part thereof, shall be within this State, or any interest therein, or income therefrom, which shall be transferred by deed, grant, sale or gift, made in contemplation of the death of the grantor or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons, etc."

It is the manifest meaning of this language of the act that the inheritance tax is to be imposed as to property that may become subject thereto after the act becomes effective. The act, therefore, cannot be given a retroactive effect. This question seems to have been settled in Winn, Sheriff, Etc. v. Schenck, Etc., 33 R., 615; 110 S. W., 827. In that case a will was made in 1899 by a son, devising to his mother one-half of his entire estate, under a contract made at the time with his mother to keep a valid will at all times devising to her son's god-son one-half of the property she received from the former, which will she made and under which the god-son received the property so devised by the mother. The mother died after the inheritance tax law of 1906 was enacted in this State. Upon this state of case we held that as at the time the contract between the son and mother was made, there was no inheritance tax law in force in this State, the property received by the god-son under the will of the

mother was not subject to the payment of such tax. In the opinion it is said:

"We have been unable to find any case directly in point, nor are we referred to any such, but questions somewhat similar have arisen in other jurisdictions where the inheritance tax laws have been longer in force. In the case of Nathaniel H. Emmons v. Shaw, 171 Mass., 410, the Supreme Court of Massachusetts passed upon a question somewhat similar. There one Thomas B. Wales had devised certain property to his son, George W. Wales, for life, subject to his disposition by will, but in the event that he died intestate, with further limitations as to the fee; the son disposed of the property by will, under the power, and an inheritance tax law having been adopted after the death of his father, but before his death, an effort was made to collect the tax from his property. The court declined to enforce it, and in so doing said: 'What is done under a power of appointment is to be referred to the instrument by which the power is created and operates as a disposition of the estate of the donor.' And the Supreme Court of New York, in the case of In Re Lansing's Estate, 182 N. Y., 238, in passing upon a similar question, held that where property was devised by a man to his daughter for life, and after her to her heirs at law, with the power to devise the remainder, by will, in such manner, and under such limitations, as she might desire, and the daughter, in the exercise of this power, devised the property to her own daughter absolutely, the daughter's will operated to transfer nothing that was not given to the heir at law by the grandfather's will, and, as at the time the will of the grandfather took effect, there was no law imposing a transfer tax, the property was not subject to said tax. So with the case at bar. At the time that the contract was entered into between Clarence R. Greathouse and his mother, which secured to appellee one-half of the estate of Clarence R. Greathouse, there was no inheritance tax in force in this State, and, consequently, the trial court did not err in holding that the property which appellee received was not subject to the payment of said taxes."

It is apparent from the facts of the instant case that from the time of the delivery to him of the deed from Winifred McCauley, appellee's interest in the real estate from which it is sought to collect the inheritance tax, was liable to execution under a judgment against him for

debt, subject to the grantor's life estate and power of revocation. As his title to the several parcels of real estate was acquired by the deed of May 25, 1895, and not under the will subsequently made by the grantor, and the authority under which appellant claims the right to collect such tax was not conferred by statute until after the execution and delivery of the deed, in fact, eleven years thereafter, the property cannot be made liable for its payment, unless the statute be given a retroactive effect, which should not be done. Furthermore, as the judgment of the circuit court dismissing the proceeding would have been authorized upon this ground, it is unnecessary to consider whether its dismissal was justified on the ground upon which that court actually rested it. Wherefore the judgment is affirmed.