**William E. BLAIR, Appellant,**

v.

**Anthony W. DAY, Appellee.**

Court of Appeals of Kentucky.

June 15, 1979.

Rehearing Denied Aug. 17, 1979.

William G. Cox, Cox & Cox, Lexington, for appellant.

Robert L. Gullette, Nicholasville, for appellee.

Before LESTER, HOGGE and WILHOIT, JJ.

HOGGE, Judge.

The question presented by appellant's brief in this case is whether an uninsured pedestrian, struck and injured by an uninsured car, can obtain basic reparation benefits under the Kentucky No-Fault Insurance laws without alleging negligence or other misconduct on the part of the driver. Appellant, William E. Blair, was struck and injured by a car owned by appellee, Anthony W. Day. The Jessamine Circuit Court dismissed a suit by Blair against Day on the grounds that the complaint was not based on negligence, and Blair could not recover on the theory of strict liability.

We believe that the complaint was correctly dismissed, although we would base the dismissal on different grounds. *Every person* suffering loss from injury arising out of the use of a motor vehicle in this Commonwealth has a right to basic reparation benefits, unless he has rejected the limitation on his tort rights. KRS 304.39–030. Appellant has not rejected this limitation. The benefits are to be paid without regard to fault, KRS 304.39–040(1), and are not restricted to those qualifying as basic reparation insureds. KRS 304.39–030; KRS 304.39–160; *See also* Note, Kentucky No-Fault: An Analysis and Interpretation, 65 *Ky.L.J.* 466 at 491.

However, basic reparation benefits are available from two different sources: (1) basic reparation obligors, and (2) the assigned claims plan. KRS 304.39–040. In the case before us, neither party had a contract of basic reparation insurance and appellant did not qualify himself as of basic reparation insured. KRS 304.39–050; KRS 304.39–020. Under such circumstances, where "[b]asic reparation insurance applicable to the injury cannot be identified," he could only obtain benefits through the assigned claims plan. KRS 304.39–160. This means of obtaining benefits was available to him, although he had no security, in view of the fact that he was not occupying the vehicle lacking security. KRS 304.39–160; Note, Kentucky No-Fault: An Analysis and Interpretation, 65 *Ky.L.J.* 466 at 491. However, appellant has failed to seek his remedy through the assigned claims plan, but rather has sued the uninsured driver. Under such circumstances, dismissal was proper. A correct decision will not be disturbed on appeal merely because it was based on an incorrect ground or reason in view of the fact that this Court disregards errors not affecting the substantial rights of the parties. CR 61.01; *Haddad v. Louisville Gas & Electric Company*, Ky., 449 S.W.2d 916, 919 (1969); *Commonwealth v. McCauley's Ex'r*, 166 Ky. 450, 455, 179 S.W. 411 (1915).

The judgment of the circuit court is affirmed.

All concur.