Henry HOWARD, Administrator and Personal Representative of the Decedent, Charles W. Howard; and Henry Howard and Rita Howard, Parents and Survivors of Charles W. Howard, in their Individual Capacity as Survivors of Plaintiffs' Decedent, Appellants,

v.

William E. HICKS, Jr., Appellee.

No. 86–CA–2512–MR.

Court of Appeals of Kentucky.

Oct. 9, 1987.

■

---

Samuel B. Carl, Carl, Head & Triplett, Louisville, for appellants.

Delores H. Pregliasco, W.R. Patterson, Jr., Allen K. Gailor, Louisville, for appellee.

Before HOWERTON, C.J., and MILLER and COMBS, JJ.

HOWERTON, Chief Judge.

The Howards appeal from an order of the Jefferson Circuit Court dismissing their claim against William Hicks. · The trial court ruled that the one-year limitation in KRS 413.140 barred the claim. The question on appeal is whether the two-year limitation period provided in the Motor Vehicle Reparations Act (MVRA), KRS 304.39–230(6), applies to a tort liability action brought by the Howards as survivors of a moped operator who was struck and killed by a pickup truck driven by Hicks. We hold that it does, and we reverse.

On March 2, 1985, Charles Howard was killed when he was struck by Hicks's truck. At the time of the collision, Charles was on a moped stopped at an intersection. Henry and Rita Howard, Charles' parents and appellants herein, filed an action against Hicks in the Jefferson Circuit Court on August 29, 1986. In response thereto, Hicks filed a motion to dismiss arguing that the complaint was barred by the one-year general personal injury statute of limitations provided in KRS 413.140(1)(a). The Howards contend that their complaint was timely filed pursuant to the two-year statute of limitations set out in the MVRA, KRS 304.39–230(6). That statute states that "[a]n action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two years after the injury, or death...." The trial court granted the motion to dismiss.

The parties stipulate that a moped is not a "motor vehicle." KRS 304.39–020(7) clearly states that a moped is not a motor vehicle for the purposes of the MVRA. The question then becomes; does an accident between a moped and a motor vehicle come within the purview of the MVRA? A literal interpretation of the MVRA compels an affirmative answer.

KRS 304.39–050(1) provides for the recovery of basic reparation benefits (BRB) by a pedestrian who is struck by a motor vehicle. This section defines a pedestrian as "any person who is not making 'use of a motor vehicle' at the time his injury occurs." The pedestrian is entitled to recover BRB from the policy on the vehicle which struck him. *State Farm Mutual Automobile Insurance Co. v. Kentucky Farm Bureau Mutual Insurance Co.*, Ky. App., 671 S.W.2d 258, 259–60 (1984); KRS 304.39–050(1).

We are obligated to give the words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. *Department of Revenue v. Greyhound Corp.*, Ky., 321 S.W.2d 60 (1959). The definition of "pedestrian" as stated above includes *any person* not making use of a motor vehicle. Since KRS 304.39–020(7) specifically excludes mopeds from the definition of motor vehicle, Charles was not making use of a motor vehicle. Therefore, he was a pedestrian for the purposes of the MVRA. We do not consider this an absurd or wholly unreasonable conclusion, given the policy behind the Act. One purpose of the Act is to provide prompt payment to victims of motor vehicle

accidents. *State Farm Mutual, supra* at 260; KRS 304.39–010(2).

We find additional support for this position in *Troxell v. Trammel,* Ky., 730 S.W.2d 525 (1987), wherein the Kentucky Supreme Court held that the two-year statute of limitations provided in the MVRA applied to a personal injury action brought by a motorcyclist who collided with a pickup truck even though the motorcyclist had not purchased optional BRB coverage. In so holding, the Supreme Court reasoned that it cannot add restrictive language to KRS 304.39–230(6) where it does not exist, and as a motor vehicle accident victim, the motorcyclist falls within the purview of the MVRA whether or not he purchased optional BRB coverage. *Id.* at 528.

Hicks makes the argument that an operator of a moped must be licensed under KRS 186.410, therefore, he cannot be a "pedestrian." He seeks to compare a moped to a motorcycle. Yet, if a moped were a motorcycle, it would clearly come under the MVRA two-year statute of limitations. *Troxell, supra* at 527. It follows that the licensing requirement has no effect on the status of a moped operator in this case.

We find it reasonable to conclude that the legislature intended victims of an accident involving a motor vehicle to fall within the purview of the Act. Thus, we hold that the two-year statute of limitations set out in KRS 304.39–230(6) applies to the Howards' claim.

The dismissal by the Jefferson Circuit Court is reversed, and this case is remanded for further proceedings.

All concur.