**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY sub nomine Kentucky Assigned Claims Bureau, Appellant,**

v.

**David HARRIS, Linda Harris, and Gerald L. Greene, as Next Friend for and on Behalf of Kimberly Harris, a Minor, Appellees.**

No. 90–CA–2483–MR.

Court of Appeals of Kentucky.

Aug. 28, 1992.

Discretionary Review Denied by Supreme Court March 11, 1993.

Case Ordered Published by Supreme Court March 11, 1993.

John Warren Keller, Barry D. Freeman, Farmer, Keller and Kelley, London, for appellant.

Gerald L. Greene, Greene & Lewis, Pineville, Jacob P. Cline, III, Cline & Edens, Middlesboro, for appellees.

Before LESTER, C.J., and EMBERTON and McDONALD, JJ.

LESTER, Chief Judge.

This is an appeal from the trial court's summary judgment finding in favor of the appellees and ordering the automobile insurer to pay $21,500 plus interest.

On April 30, 1989, David and Linda Harris, along with their daughter, Kimberly, were travelling south on U.S. 25 East when another automobile travelling north crossed over into their lane and hit the Harrises' vehicle. Following that collision another automobile approached the Harrises' car from behind and crashed into the appellees' vehicle.

The Harrises filed two separate suits against the drivers of the automobiles that hit them. Liability was established against both drivers and damages were awarded. The automobile insurer for the car that crossed the center line paid the policy limits. However, the individual that rear-ended the Harrises was uninsured and from out-of-state. Appellees are likewise Tennessee residents and have automobile insurance through Tennessee Farmers Mutual Insurance Company (Tennessee Farmers) which is not licensed to do business in the state of Kentucky. Tennessee is not a no-fault auto insurance state and the Tennessee Farmers policy does not provide for basic reparation benefits. Hence, the appellees sought to receive benefits through the Kentucky Assigned Claims Bureau.

The lower court entered a summary judgment against the Kentucky Assigned Claims Bureau and ordered it to pay the Harrises $21,500 plus interest. State Farm Mutual Automobile Insurance, the company assigned to this claim, now appeals the trial court's judgment claiming first that the plaintiffs-below failed to

prove the necessary statutory conditions precedent to establish entitlement to the benefits from the Kentucky Assigned Claims Bureau. Appellant also maintains that at the very least the amount awarded to the Harrises from the Bureau should be reduced by the benefits they received from Tennessee Farmers.

With the adoption of the Motor Vehicle Reparations Act,

> Every person suffering loss from injury arising out of the use of a motor vehicle in this Commonwealth has a right to basic reparation benefits, unless he has rejected the limitation on his tort rights. KRS 304.39–030.... The benefits are to be paid without regard to fault, KRS 304.39–040(1), and are not restricted to those qualifying as basic reparation insureds. KRS 304.39–030; KRS 304.39–160; See also Note, Kentucky No–Fault: An Analysis and Interpretation, 65 KY. L.J. 466 at 491.

*Blair v. Day*, Ky.App., 600 S.W.2d 477, 478 (1979). The Harrises did not reject in writing the limitation on their tort rights under Kentucky's no-fault insurance law, pursuant to KRS 304.39–060(4). They also did not come within that statute's exception which deems a party to have fully rejected the limitations at the time of an accident when that person has in effect security equivalent to that required by KRS 304.39–110. KRS 304.39–110(1) provides that "[t]he requirement of security for payment of tort liabilities is fulfilled by providing: ... (c) Basic reparation benefits as defined in KRS 304.39–020(2)." To reiterate, Tennessee is not a no-fault insurance state and the appellees' insurance carrier is not licensed to do business in the state of Kentucky. Tennessee Farmers' insurance policies do not provide for basic reparation benefits. In fact all the parties agree to that and appellant maintains that this is another reason why the Kentucky Assigned Claims Bureau should not be held responsible. Nevertheless, the Harrises' auto insurance policy does not satisfy KRS 304.39–110 and it cannot be said that the appellees rejected the limitation on their tort rights and liabilities pursuant to KRS 304.39–060(4).

> (1) A person entitled to basic reparation benefits because of injury covered by this subtitle may obtain them through the assigned claims plan established pursuant to the provisions relating thereto and in accordance with the provisions on time for presenting claims under the assigned claims plan if:

> \*  \*  \*  \*  \*  \*

> (b) Basic reparation insurance applicable to the injury cannot be identified;

KRS 304.39–160(1)(b). The individual that hit the Harrises' automobile from behind was an uninsured non-resident, and the Harrises are not basic reparation insureds. Therefore, there is no identifiable basic reparation insurance applicable to this case and the assigned claims plan should be accountable. Appellant refers to KRS 304.39–160(4) and claims that the Harrises fit the exception within it and are not entitled to recover from the Assigned Claims Bureau. That subsection provides that a person who fails to have security on his motor vehicle at the time of an accident in Kentucky shall not obtain basic reparation benefits through the assigned claims plan, unless the failure to have such security was solely because of the failure of that person's reparation obligor to provide the basic reparation benefits required by this subtitle. The Harrises had security on their motor vehicle through Tennessee Farmers Mutual Insurance Company. By law Tennessee Farmers did not have to provide for basic reparation benefits. The Harrises had insurance on their automobile. The exception in KRS 304.39–160(4) is not applicable. We agree with the trial court that the appellees are entitled to recover basic reparation benefits as a result of the accident they were involved in in the Commonwealth.

██ The appellant's second argument concerns the plan's entitlement to a reduction in the judgment by the amount of benefits received by the appellees through their policy with Tennessee Farmers. While the Court agrees that Kentucky no-fault law affords reparation obligors certain subrogation rights, those rights are

**52**

secondary to an injured person's rights to collect damages owed by the liability insurer of a second person, a self-insurer or an obligated government. KRS 304.39–070, KRS 304.39–140(3). In any event, Tennessee Farmers is not licensed to do business in the State of Kentucky. State Farm, therefore, has no right of subrogation concerning any amount paid to the appellees by Tennessee Farmers. *State Farm Mutual Automobile Ins. Co. v. Tennessee Farmers Mutual Ins. Co.*, Ky.App., 785 S.W.2d 520 (1990).

Hence, the judgment of the lower court is affirmed.

All concur.