RENDERED: SEPTEMBER 26, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0051-DG

T & J LAND CO., LLC                                                   APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2020-CA-1570
KNOX CIRCUIT COURT NO. 18-CI-00512

DAKOTA MILLER                                                         APPELLEE

**OPINION OF THE COURT BY JUSTICE BISIG**

**<u>REVERSING AND REMANDING</u>**

This appeal arises out of a narrow question of law concerning whether the two-year statute of limitations contained in the Motor Vehicle Reparations Act (MVRA) applies to the Appellee's claims. The MVRA is Kentucky's No-Fault Insurance Act which comprises a specific statutory scheme adopted in 1975 to provide prompt payments for bodily injuries to victims of motor vehicle accidents in the Commonwealth.[1] Appellee, Dakota "Cody" Miller (Miller) was injured when a vehicle left the parking lot and struck a business he was patronizing on property owned by Appellant T & J Land Co., LLC (T & J Land). Almost two years after the incident, Miller brought claims against T & J Land

---

[1] Ky Motor Veh. Ins. Law. §11:1 2023-2024 ed.

for negligence and punitive damages. Miller alleges the owner failed to properly guard against a vehicle crashing into the building and injuring patrons.

The Knox Circuit Court dismissed the lawsuit as untimely under the Kentucky Revised Statute (KRS) 413.140(1)(a) one-year statute of limitations for personal injury claims. The Court of Appeals reversed reasoning that Miller was a victim of a motor vehicle accident and therefore the two-year statute of limitations contained in the MVRA applied to his claim. While an initial review of the facts and prior MVRA jurisprudence may lead to the inference that Miller is a victim of a motor vehicle accident covered under the statutory scheme, the analysis must not stop there. The Court must also consider the position of the parties and the character of the claims asserted in the complaint. Here, the precise nature of the action is a premises liability claim against a landowner for failing to ensure the safety of individuals against an allegedly foreseeable event. Neither party to this lawsuit owned or operated the motor vehicle at issue.

Notably, Miller sought and received both basic reparations benefits (BRB) and personal injury protection benefits (PIP) from an earlier claim which included the reparation obligor. In the initial litigation, he filed claims against the drivers of each vehicle involved and the purported owner of the premises. The current case involves a second lawsuit filed after learning the original case incorrectly identified the property owner. A premises liability action that occurs adjacent to an automobile accident should not be twisted into the MVRA for the purposes of applying a more generous statute of limitations. We find that applying the MVRA to these facts would result in an overly broad

2

application of the statute resulting in coverage for claims independent from the ownership, operation, maintenance, or use of motor vehicles. For these reasons, we reverse the Court of Appeals and reinstate the Order of Dismissal entered by the Knox Circuit Court.

## FACTS

Miller visited a State Farm Insurance office located in a strip mall in Barbourville called Union Plaza on December 30, 2016. Appellant T & J Land owned and operated Union Plaza Shopping Center. Miller was waiting in the lobby of the insurance office when two vehicles collided in the parking lot of the shopping center. One of the two cars crossed Union Street, drove over the sidewalk, and crashed into the wall of State Farm's office. This vehicle was a Ford Expedition. The wall gave way and struck both Miller and the State Farm agent. As a result, the debris from the falling wall pinned Miller underneath and he suffered extensive injuries.

As a result of his accident, Miller filed his initial personal injury lawsuit in Knox Circuit Court, 18-CI-00002, against the drivers of both vehicles and others surrounding the accident. This lawsuit was filed timely. More specifically, in the initial lawsuit Miller sued the State Farm agent, Cumberland River Land Company, Barbourville Development Company, State Farm Insurance Company, Jeffery Branhum, Roger Hughes and Wendy Simpson. T & J Land was not named in the first lawsuit. In this original litigation, the circuit court entered summary judgment on behalf of the companies that were named but did not own or control the strip mall at issue. Miller subsequently

3

appealed that case, the Court of Appeals affirmed, and this Court denied discretionary review. *Dakota Miller v. State Farm Mutual Automobile Insurance Company,* 2020-SC-0190.

The second lawsuit against T & J Land was filed while the first action was ongoing. As part of the discovery in the initial lawsuit, Miller learned that T & J Land owned Union Plaza Shopping Center. As a result, Miller filed an additional claim against T & J Land asserting that it failed to adequately protect patrons from car accidents by utilization of barriers and reinforcements. Miller makes a claim of *res ipsa loquitur* and a claim for punitive damages. He filed the second lawsuit almost two years after the date of the motor vehicle accident. T & J Land argued that Miller's premises liability claims were outside of the general personal injury one-year statute of limitations under KRS 413.140(1)(a). The Knox Circuit Court agreed and dismissed the complaint as untimely.

Miller appealed this finding and a unanimous panel of the Court of Appeals reversed and remanded determining that the two-year statute of limitations in the MVRA applied. The Court of Appeals acknowledged the statute of limitations set forth in the MVRA applies only to those cases that fall within the purview of the statute. *Floyd v. Gray*, 657 S.W.2d 936, 939 (Ky. 1983). With minimal analysis, the Court of Appeals relied on the logic applied in *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987) to compare the difference between the statute of limitations contained in the MVRA and KRS 413.140(1)(a). The Court of Appeals found that the one-year personal injury

4

statute of limitations was more general than the specific statute as part of the MVRA. It further determined that a special statute preempts a general statute and that the MVRA applied to Miller as a victim of a motor vehicle accident. The Court found that the purpose of the act was to assist motor vehicle accident victims and should include Miller. Undeniably, Miller was injured when a vehicle struck the wall of an office in which he was waiting. Without examining further, the Court found that because he was an accident victim, the *Troxell* case allowed that KRS 304.39-230(6) applied rather than the more general KRS 413.140(1)(a). Finally, the Court of Appeals' analysis relies on *Bailey v. Reeves*, 662 S.W.2d 832, 835 (Ky. 1984), holding that the MVRA statute of limitations is not limited only to owners, operators, or occupants of motor vehicles.

The Appellants sought discretionary review of the Court of Appeals' decision which this Court granted. We now address the merits of the appeal and further facts will be developed as necessary.

## STANDARD OF REVIEW

The decision as to whether an action is barred by a statute of limitations is a question of law which an appellate court reviews *de novo*. *Overstreet v. Kindred Nursing Ctrs. Ltd. P'ship*, 479 S.W.3d 69, 73 (Ky. 2015); *Est. of Wittich ex rel. Wittich v. Flick*, 519 S.W.3d 774, 776 (Ky. 2017) (citation omitted). The sole question before this Court is whether the MVRA statute of limitations applies to Miller's claims. If the two-year statute does not apply, the Court of Appeals decision will be reversed, and the trial court's initial entry of summary

5

judgment reinstated. Further, T & J Land preserved this issue through its Motion to Dismiss filed before the trial court.

## ANALYSIS

This Court begins its analysis with a review of the precise language of the two distinct statutes of limitations at issue. First, KRS 413.140(1)(a) governs personal injury/negligence actions in the Commonwealth and establishes a one-year statute of limitations: "The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff." Accordingly, a claim for personal injury arising from negligent maintenance of property carries a one-year limitations period.

Second, the MVRA found at KRS 304.39-230(6) carries a two-year limitations period: "An action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs."

We agree with the Court of Appeals that the MVRA is not limited to owners, registrants, operators, or occupants of motor vehicles but also may apply to pedestrian victims. *Bailey*, 662 S.W.2d at 835. This Court further agrees that the two-year statute of limitations set forth in the MVRA applies only to those cases that fall within the purview of the statute. *Floyd,* 675 S.W.2d at 939. However, the analysis must continue further. The No-Fault Insurance Act is of statutory origin, and therefore the legislative enactment

6

giving rise to it must be interpreted with literal statutory language. *Fann v. McGuffey,* 534 S.W.2d 770 (Ky. 1975).

A literal reading of the language used in the MVRA statute itself dictates that it is to be applied to owners, operators, maintainers, or users of motor vehicles. The concept is that personal injuries such as "pain, suffering, mental anguish and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation or use of such motor vehicle" may be recovered if certain statutory thresholds are met. KRS 304.39-060(2)(b). The MVRA thus entitles accident victims to BRB without regard to fault and excludes those that are not owners or operators of vehicles. KRS 304.39-060(2)(c). In the case at bar, while the operation of a motor vehicle certainly began a chain of events, how far down the links should this Court travel to apply Kentucky's No-Fault insurance law? The voyage should end when the gravamen of the lawsuit does not involve ownership or operation of a motor vehicle by any party.

In addition, a review of the jurisprudence previously tackling this issue results in the conclusion that the MVRA was not created for these facts. As previously stated, the Court of Appeals relied on the case of *Troxell,* 730 S.W.2d 525, to analyze the difference between the statute of limitations contained in KRS 304.39-060 and KRS 413.140(1)(a). In *Troxell,* a motor vehicle accident occurred in McCreary County when a motorcycle owned by the appellant collided with appellee's pickup truck. *Id.* at 525. The appellant filed a complaint more than one year after the date of the accident, but less than two.

7

*Id.* The Court in *Troxell* allowed that the MVRA at KRS 304.39-230(6) applied rather than the more general KRS 413.140(1)(a). *Id.*

Here the Court of Appeals reasoned, like *Troxell,* that the one-year personal injury statute of limitations was more general than the specific statute as part of the MVRA. It further reasoned that a special statute preempts a general statute and that the MVRA applied to Miller as a victim of a motor vehicle accident. It found that the purpose of the act was to assist motor vehicle accident victims, and Miller was struck by a vehicle while he was waiting inside of the State Farm office. Without examining further, the Court of Appeals found that because he was an accident victim, the *Troxell* case allowed that KRS 304.39-230(6) applied rather than the more general KRS 413.140(1)(a). However, the *Troxell* Court was speaking to whether the MVRA applied to all motor vehicle accidents or only to those who elect to purchase BRB benefits under KRS 304.39-060(2)(c). The *Troxell* Court found motorcyclists were under the umbrella of motor vehicles contemplated by the statute because they propelled individuals down Kentucky highways by other than muscular power. *Id.* at 527. The facts of *Troxell* are clearly distinguishable from this case because no motorcycle or motor vehicle of any genre propelled either Miller or T & J Land down Kentucky highways.

In applying the MVRA to T & J Land, the Court of Appeals analysis also relies on *Bailey*, 662 S.W.2d at 835, holding that the MVRA statute of limitations is not limited only to the owner, operator, or occupant of a motor vehicle. While it is appealing to cite this language to conclusively determine it

8

matters not whether the parties are physically in a vehicle for the MVRA to apply, one must again review the specific facts. In *Bailey,* this Court examined the precise issue here—whether the MVRA statute or the general negligence statute applied to an accident between a truck and a wayward cow in Larue County. *Id.* at 833. Appellant filed suit alleging the cow was owned by the appellee, and the accident was a result of his negligence. *Id.* Thus, the issue was whether the MVRA statute of limitations or the one-year statute for personal injuries applied to his claims for injuries. *Id.* The cow owner argued that the two-year statute of limitations for tort liability in the MVRA applied only against an "owner, operator or occupant" of a motor vehicle and they were not included as the owner of a cow. *Id.* at 834. The *Bailey* Court disagreed and found no such limiting language in the MVRA. *Id.* Thus, the appellee was an accident victim within the class of persons the MVRA was designed to protect and the Court applied the two-year statute. *Id.* at 835. Therefore, in *Bailey,* the MVRA applied even though the defendant was not engaged in operating a vehicle.

While this seems a straightforward result, the plaintiff in *Bailey* was driving a motor vehicle. The plaintiff in this case was not operating a motor vehicle. Accordingly, there is a flaw in the Court of Appeal's application of this precedent. Further, in *Bailey,* the Court discuss the then recently decided case of *Floyd,* 657 S.W.2d 936. The *Bailey* decision notes that in the *Floyd* case, the court declined to apply the two-year statute of limitations in the MVRA to the claims of a spouse of a person injured in an auto accident. In squaring the

9

*Floyd* logic with its own holding in *Bailey*, the Court specifically reasoned the distinction between *Floyd* and *Bailey* turned on whether the plaintiff was a motorist. *Bailey*, 662 S.W.2d *at 835.* This makes it clear that the Court considers the position of the parties and whether they were motorists in applying the MVRA. Here, like *Floyd*, the plaintiff was a non-motorist. In fact, this scenario is more aligned with the facts of *Floyd* in which the Court held that a wife's loss of consortium based upon her husband's injuries in a motor vehicle accident did not fall within the scope of the MVRA because she herself, while injured, was not hurt in a car crash. 657 S.W.2d at 939. The *Floyd* Court specifically found that "[n]ot all actions arising out of motor vehicle collisions are covered by the MVRA and its two-year statute of limitations." *Id.* (citing *Gray v. State Farm Mut. Automobile Ins. Co.,* 605 S.W.2d 775 (Ky. App. 1980)).

While without question Miller alleges he was injured, like *Floyd*, he was not claiming injuries as a result of owning or operating a motor vehicle nor is the entity he is suing the owner or operator of a motor vehicle. Miller cites to Justice Leibson's dissent in *Floyd* and notes that Miller is claiming physical injuries and not loss of consortium; however, this does not change the fact that Miller was not operating a vehicle at the time of his injury. The Court is additionally unpersuaded by the cases from other jurisdictions raised by Miller. The cases cited from Michigan, Minnesota, Florida and Washington do not have the same fact pattern as this case. Kentucky's MVRA is unique, and importantly, Miller was able to timely sue the vehicle drivers and received BRB

10

benefits because of this incident. Here, he is suing on a different theory than negligent operation of a motor vehicle.

To complete the analysis, perhaps it creates a cleaner perspective to consider whether Miller is eligible to receive BRB or PIP benefits as a result of his claims against defendant T & J Land. He is not. The ultimate question in this lawsuit to be decided by a trier of fact is—did the building owner negligently secure the premises for invited guests and fail to appreciate a foreseeable danger? If the Court were to interpret the MVRA this broadly, could a pedestrian injured by falling in ruts in the ground caused by an automobile collision sue the landowner under the MVRA? Consider whether a claim against a medical provider who negligently treated a pedestrian victim could be litigated under the MVRA. Without doubt, it would seem far afield from the statutory intent to expand its coverage to this type of litigation. Indeed, this would begin a slippery slope of resurrecting other types of expired claims under a motor vehicle accident umbrella.

Finally, while a textual reading of the MVRA shows that the application of the act must be based on the nature of the claim, even considering this metric, Miller's argument fails. The Complaint alleges three counts, each of which involve the alleged negligent failure to prevent injury to a business invitee. There is no allegation made against T & J Land regarding the operation of a vehicle. Extending the MVRA to cover premises liability claims would be overly broad and not contemplated by the statute.

11

In closing Miller argues if this Court finds the MVRA two-year statute does not apply, it must do so only prospectively because altering the existing statute of limitations relied upon by litigants would be a violation of their property rights. *Lasher v. Com. ex rel. Matthews,* 418 S.W.2d 416, 419 (Ky. 1967); *Grasch v. Grasch,* 536 S.W.3d 191,192 (Ky. 2017). Miller cites a string of cases in support of this argument, none of which involve cases wherein neither the plaintiff or defendant owned or operated a motor vehicle.[2] There are no cases cited which apply the MVRA to situations in which litigants on both sides of the case were neither owners nor operators of motor vehicles. Moreover, no cases in which the demand for relief does not result from operation or condition of a motor vehicle directly involved in an accident. Therefore, this court does not find any derogation of a known right by applying the appropriate limitations period under KRS 413.140(1)(a).

To be clear, Miller was eligible to bring a premises liability claim against T & J Land. Nothing in this opinion speaks to the merits or viability of such claim. Further, there is nothing in the record indicating why Miller could not have discovered that T & J Land owned the strip mall where this incident

---

[2] *Crenshaw v. Weinberg,* 805 S.W.2d 129 (Ky. 1991) (Plaintiff Crenshaw was driving a motor vehicle, taken from the accident scene by ambulance. The Court determined plaintiff had two years after the date of the last no-fault benefit in which to file an action for tort liability); *Worldwide Equip., Inc. v. Mullins,* 11 S.W.3d 50 (Ky. App. 1999) (Accident between a pickup truck and a coal truck and driver was killed. Two-year statute under the MVRA claims applied against seller of defective coal truck that collided with driver's vehicle); *Howard v. Hicks,* 737 S.W.2d 711 (Ky. App. 1987) (Plaintiff moped driver killed in a collision with a truck was covered under the two-year MVRA despite driving a moped, because a moped and another vehicle were involved in the accident).

12

occurred within the appropriate time. Instead, today we will follow established precedent that the MVRA applies only to those actions within the purview of the statute.

Miller was injured on or about December 30, 2016. Therefore, the statute of limitations period for personal injury claims ran on December 30, 2017. The premises liability lawsuit was filed December 7, 2018, which was eleven months after the statute of limitations for those claims expired. Miller does not dispute that the claims must be dismissed if the one-year statute of limitations under KRS 413.140(1)(a) applies. This Court has closely examined the MVRA codified in Chapter 304 of the Kentucky Revised Statutes. This statute is governed by basic public policy that injured motorists in certain circumstances are entitled to basic reparations benefits without proof of fault. *Fann*, 534 S.W.2d at 773. Because Miller has missed the one-year statute of limitations, he attempts to extend this claim as subject to the MVRA framework. The MVRA does not apply to these claims.

## CONCLUSION

Because this Court declines to extend the MVRA to claims involving two non-motorist parties and to claims not related to operating a vehicle, the judgment of the Court of Appeals is reversed and the judgment of the Knox Circuit Court granting summary judgment is affirmed.

All sitting. VanMeter, C.J.; Nickell and Thompson, JJ., concur. Keller, J., concurs in result only. Conley, J., dissents by separate opinion in which Lambert, J., joins.

13

CONLEY, J., DISSENTING: Respectfully, I dissent. The MVRA was designed by the General Assembly to be applicable to all owners, operators, maintainers, and users of motor vehicles who are injured in a motor vehicle accident. Moreover, it is also meant to protect pedestrians, i.e., those persons not operating a motor vehicle at the time of an accident, who were injured in a motor vehicle accident. Upon review of a motion to dismiss we look to the complaint, and only the complaint, in a light most favorable to the party opposing it at the trial court and granting that party all favorable inferences. That party in this case is Miller. With that standard in mind, this record supports a conclusion that Miller is an operator or user of motor vehicles under the statute; he was a pedestrian at the time of his injury; and was inarguably injured in a motor vehicle accident. In the 1980's this Court unequivocally endorsed the proposition that all that was necessary to be covered by the MVRA's statute of limitations was to be among the class of persons it was intended to protect who was injured in a motor vehicle accident. That is the course charted by our predecessors. Following the map laid before us for forty years leads to the conclusion that Miller is entitled to the benefit of the MVRA's two-year statute of limitations. I would affirm the Court of Appeals.

We must, as always, begin with the statutory text. KRS 304.39-060(2)(a) states,

> Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this

14

subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle[.]

The next section states,

> In any action of tort brought against the owner, registrant, operator or occupant of a motor vehicle with respect to which security has been provided as required in this subtitle, or against any person or organization legally responsible for his or her acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation or use of such motor vehicle only in the event that the benefits which are payable for such injury as "medical expense" or which would be payable but for any exclusion or deductible authorized by this subtitle exceed one thousand dollars ($1,000), or the injury or disease consists in whole or in part of permanent disfigurement, a fracture to a bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of bodily function or death.

*Id.* at (2)(b). Finally, the last section states, "Tort liability is not so limited for injury to a person who is not an owner, operator, maintainer or user of a motor vehicle within subsection (1) of this section, nor for injury to the passenger of a motorcycle arising out of the maintenance or use of such motorcycle." *Id.* at (2)(c).

In the case upholding the constitutionality of the MVRA, *Fann v. McGuffey*, the Court commented on this section specifically. 534 S.W.2d 770, 773 (Ky. 1975). It held that "[t]hough KRS 304.39—060(2)(a) speaks in terms of 'abolishing' tort liability, it is an abolition only in the most technical sense, because in practicality the injured party's right of recovery is enhanced by him [sic] entitlement to BRB without proof of fault." *Id.* This is an obvious benefit to the injured party "and from the standpoint of the alleged tortfeasor, of course,

whatever is abolished in the way of liability is all to the good. Therefore, KRS 304.39—060(2)(a) confers a positive benefit on both parties at no disadvantage at all to either of them." *Id.* As to subsection (2)(b), the Court explained the

> Limitation upon recovery for pain, suffering, mental anguish and 'inconvenience' does not apply if the plaintiff was not an 'owner, operator, maintainer or user' of an automobile. Hence it does not apply to an injured pedestrian unless at the time of the accident he owns or maintains an automobile, or is an *operator or user in the sense that upon occasion he drives, uses, or has driven or used an automobile on the roadways of this state.*

*Id.* at 774 (emphasis added).[3] The Court rejected the proposition that subsection (2)(b) "not only restricts recovery for pain, suffering, mental anguish and 'inconvenience' but also limits it to those items of damage, thus eliminating, for example, the element of destruction or permanent impairment of earning capacity . . . we see nothing to call for such a construction." *Id.* Instead, the Court explained, "the statute says only that unless the threshold requirement is satisfied there can be no recovery of these particular, enumerated elements of damage. If the threshold is met, there is no limitation on the kind or amount of damages recoverable over and above the BRB paid or payable to the plaintiff." *Id.*

As to the statute of limitations, the Court did not offer much explanation, stating only that "[a]n action for tort recovery not foreclosed by KRS 304.39—

---

[3] Under a plain reading of *McGuffey*, pedestrian is not a separate category alongside owners, operators, maintainers, or users of motor vehicles, but is instead a sub-category. To qualify as a pedestrian entitled to the MVRA's protection, one must, broadly, be an owner, operator, maintainer, or user of motor vehicles; and specifically, "not making 'use of a motor vehicle' at the time his injury occurs." KRS 304.39-050(1).

16

060 must be commenced within two years after the injury or death or after the last payment of no-fault benefits, whichever is later." *Id.* at 775.

The next case illuminating our understanding is *Floyd v. Gray*, 657 S.W.2d 936 (Ky. 1983). There, Floyd was driving a truck when he collided with Gray's car. *Id.* at 937. Gray's wife, outside the one-year statute of limitations but within two years, intervened and brought her own loss of consortium claim. *Id.* at 938. The Court of Appeals determined that was allowable. *Id.* This Court reversed. *Id.* The Court held the MVRA statute of limitations applied "for those actions involving motor vehicle collisions which fall within the purview of No-Fault benefit recovery which have met or exceeded the statutory thresholds of KRS 304.39–060(2)." *Id.* The Court explained, loss of consortium is an independent cause of action, and "is not a recoverable injury within the purview of the MVRA. Under the MVRA, the injured party's right of recovery is his entitlement to basic reparation benefits without proof of fault." *Id.* In other words, Gray's wife was not entitled to basic reparations benefits for her loss of her husband's consortium, even though that consortium was lost as a result of injuries he sustained in a motor vehicle accident.

Next is the landmark case of *Bailey v. Reeves*, and the question of "the plaintiff's operation of a motor vehicle where the defendant is a nonmotorist." 662 S.W.2d 832, 833 (Ky. 1984). Specifically, the plaintiff-motorist struck a cow in a road. *Id.* In seeking to avoid the application of the MVRA's two-year limitations period, the appellee argued "that the two-year statute of limitations . . . is applicable only with respect to actions for tort liability *against* an owner,

17

operator or occupant of a motor vehicle[.]" *Id.* at 834. The Court rejected that

argument as having no textual basis. *Id.* The Court explained,

> KRS 304.39–060 abolishes tort liability in certain limited
> circumstances that have no application to this case. *KRS 304.39–
> 060 is not concerned with whether the action is against a motorist or
> nonmotorist,* but with entirely different subjects, abolishing tort
> liability for certain elements of damages and in certain types of
> cases where damages do not exceed certain thresholds.

*Id.* (emphasis added). The Court further commented that "there are a number

of situations where the victim of an automobile accident has multiple claims

against different classes of litigants . . . [and] obvious inconsistencies and

litigation problems . . . would be created if we were to interpret [the] MVRA to

carve out a different statute of limitations in the claim[s] against" the different

alleged tortfeasors. *Id.* Next, the Court clarified,

> the only actions for tort liability abolished by Section .060 of MVRA
> are those against "the owner, registrant, operator or occupant of a
> motor vehicle with respect to which security has been provided as
> required" by the Act. *Against all other persons, motorists and
> nonmotorists, the "action for tort liability" is not abolished,* and, as
> provided in KRS 304.39–230(6), *action against such persons "may
> be commenced not later than two (2) years after the injury,* or the
> death, or the last basic or added reparation payment made by any
> reparation obligor, whichever occurs later."

*Id.* at 835 (emphasis added). Finally, the Court rejected the application of *Gray*

to that case because "in *Gray* it was the *plaintiff* and not the *defendant* who

was a nonmotorist." *Id.* But, significantly, the Court further stated that *Gray*'s

import is

> strictly speaking the wife of a victim was not, herself, an accident
> victim, and not within the class whom the Act was designed to
> protect. By the same reasoning, here *the plaintiff is the victim of the
> motor vehicle accident and is within the class whom the Act is*

18

*designed to protect, regardless of whether the tortfeasor is a motorist or a nonmotorist.*

*Id.* (emphasis added).

Finally, we arrive at *Troxell v. Trammell.* In that case, the injured party was operating a motorcycle that had collied with a truck, and the question was whether the motorcyclist was covered by the MVRA. 730 S.W.2d 525, 525-26 (Ky. 1987). Importantly, the motorcyclist was not covered by basic reparations benefits. *Id.* at 526. The Court explained "the two year statute of limitation provided in the Act applies to '[a]n action for tort liability *not abolished* by [KRS 304.39]–060.'" *Id.* Therefore, "the two-year statute of limitations provided in KRS 304.39–230(6) applies perforce to all other causes of action in tort for motor vehicle accident victims." *Id.* The Court explicitly held that even a person not covered by basic reparations benefits is still entitled to the two-year limitation. *Id.* at 526.

After this survey of the caselaw, I cannot agree with the Court in its disposition of this case. This matter is before the Court upon review of an order dismissing Miller's complaint. Therefore, we must read the record in a light most favorable to Miller and grant him all reasonable inferences; this "eliminates any need by the trial court to make findings of fact[.]" *Fox v. Grayson,* 317 S.W.3d 1, 7 (Ky. 2010). Importantly, a motion to dismiss for failure to state a claim upon which relief can be granted, should not be granted "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks'*

19

*Union of Kentucky v. Kentucky Jockey Club,* 551 S.W.2d 801, 803 (Ky. 1977). The Court's resolution hinges, in part, on the determination that Miller was not operating a motor vehicle at the time of the accident. As will be shown, that does not matter because the MVRA explicitly defines pedestrians as those persons injured in a motor vehicle accident who are not, at the time of injury, making use of a motor vehicle. Thus, the test for who qualifies as an operator or user of a motor vehicle is not focused on the particular incident, but a broader inquiry into the individual history of the plaintiff.

Since we first upheld the constitutionality of the MVRA, we have considered an operator/user of a motor vehicle to be any person who "upon occasion . . . drives, uses, or has driven or used an automobile on the roadways of this state." *McGuffey,* 534 S.W.2d at 774. The *McGuffey* court clearly considered this a broad inquiry focusing on historical usage in a footnote stating that the court "leave[s] open the question of how much operation or use will suffice to make one an operator or user who is fully subject to no-fault limitations on his rights or recovery[.]" *Id.* at 774 n.19. This broad definition has been used to determine that a woman whose only experiences driving were the practice sessions she conducted to earn her driver's license was enough to make her an operator/user of a motor vehicle. *Probus v. Sirles,* 569 S.W.2d 707, 709 (Ky. App. 1978).

At this point in time of the litigation when no depositions have been taken (at least none are part of the record on appeal), the view of the complaint

most favorable to Miller is that he is an operator or user under this definition.[4]

Moreover, the assumption that Miller is an operator/user of motor vehicles is supported by indirect sources in the record, rather than any explicit testimony. Miller received a check from Alfa Insurance, the insurer of the driver whose car crashed into T and J Land Co.'s building. Miller's check from Alfa was a payment made to pursuant to KRS 304.39-241, which allows that "[a]n *insured* may direct the payment of benefits among the different elements of loss, if the direction is provided in writing to the reparation obligor." (emphasis added). When the MVRA speaks of "insureds" in this section it speaks specifically to automobile insurance; the purpose of KRS 304.39-241 is "to keep the provider out of the *reparations process* and afford the insured the control of how his or her *benefits* are paid because there is only a certain amount of money available for payment." *Neurodiagnostics, Inc. v. Kentucky Farm Bur. Mut. Ins. Co.*, 250 S.W.3d 321, 327 (Ky. 2008) (emphasis added); KRS 304.39-250(3) (limiting recovery of BRB to ten thousand dollars for one accident).

Thus, because Miller has been treated as an "insured" under KRS 304.39-241, we must grant the reasonable inference that he is an

---

[4] Of course, nothing would prevent this assumption from being inquired into on remand. If the facts reveal that Miller has never driven upon or used the public roadways of Kentucky and is not otherwise an owner or maintainer of a motor vehicle, then a motion for summary judgment would proper. But at this point we do not know from this record how old Miller is; whether he has a driver's license; whether he owns, rents, or maintains a vehicle; whether he resides with someone who is an operator or owner of a vehicle—all questions relevant to determining whether he is among the persons intended to be protected by the MVRA.

operator/user of a motor vehicle.[5] Just as all squares are rectangles, but not all rectangles are squares, it may be that not all operators/users of motor vehicles are insured; but an insured non-operator/user of a motor vehicle is a rare thing to behold. More to the point, there is no admission of Miller's or a finding of fact by the trial court below that Miller is a non-operator/user of motor vehicles. The Court has dwelt almost exclusively on the fact that Miller was not operating a vehicle at the time of the accident. But that is not the proper analysis under the MVRA and *McGuffey*. At best, the Court has demonstrated that Miller is a pedestrian.

This leads to the second point, that pedestrians are a protected class under the MVRA. As the MVRA acknowledges, "[t]he basic reparation insurance applicable to bodily injury to which this subtitle applies is the security covering the vehicle occupied by the injured person at the time of the accident or, if the injured person is a pedestrian, the security covering the vehicle which struck such pedestrian." KRS 403.39.050(1). "A pedestrian, as used herein, means any person who is not making 'use of a motor vehicle' at the time his injury occurs." *Id.* A wealth of caselaw demonstrates that pedestrians in a motor vehicle accident are entitled to the MVRA's protection. *Samons v. Kentucky Farm Bur. Mut. Ins. Co.,* 399 S.W.3d 425 (Ky. 2013) (holding uninsured

---

[5] The record is clear that Miller was injured while in a State Farm lobby waiting to purchase insurance. What kind of insurance policy he sought is not disclosed in the record. It may very well be that he was there to purchase automobile insurance; if so, the point remains, who buys automobile insurance but is not an owner, operator, or user of motor vehicles? Once again, I emphasize that there are unresolved questions of fact in this record that make a motion to dismiss inappropriate but could potentially make summary judgment the appropriate method of resolving this case prior to trial.

pedestrian struck by motor vehicle is entitled to BRB benefits from insured driver of motor vehicle, although motor vehicle itself was uninsured); *Blair v. Day*, 600 S.W.2d 477 (Ky. App. 1979) (holding uninsured pedestrian struck by uninsured motor vehicle is entitled to BRB through assigned claim plans); *State Auto Mut. Ins. Co. v. Outlaw*, 575 S.W.2d 489 (Ky. 1978) (involving uninsured pedestrian plaintiff). Indeed, the application of the two-year statute of limitations to the claims of survivors of a decedent-pedestrian has already been settled in Kentucky. *Howard v. Hicks*, 737 S.W.2d 711, 712 (Ky. App. 1987). Surely then a pedestrian-victim himself is entitled to the two-year limitations as well.

In summary, the test under MVRA and case law is that one must, broadly, be an owner, operator, maintainer, or user of motor vehicles; and so far as being an operator or user is concerned, the Court has consistently looked to the individual history of the person and whether he "upon occasion . . . drives, uses, or has driven or used an automobile on the roadways of this state*." McGuffey*, 534 S.W.2d at 774. The test for a pedestrian is a case-specific inquiry. KRS 403.39.050(1). The record is, at worst, silent as to whether Miller has occasionally driven or used the roadways of the Commonwealth prior to the accident. We, therefore, must read what we have in a light most favorable to Miller. There is the fact that Miller received basic reparation benefits and directed them to be paid according to KRS 304.39-241, which only applies to "insureds." This leads to the implication that Miller is, broadly, an operator or

23

user since it is highly unlikely that a person would maintain automobile insurance without being either an operator or user.

Third, I have misgivings about the Court's understanding of our precedents. As to *Floyd*, I concede the undeniable—the Court did say a claim for loss of consortium was not within the MVRA because the plaintiff-wife in that case was not entitled to BRB benefits for such an injury. *Floyd*, 657 S.W.2d at 938. The Court overlooks, however, that Miller did receive BRB benefits from his injury arising from the motor vehicle accident, distinguishing *Floyd*.[6] *Bailey*, however, would go on to make clear that its understanding of the holding of *Floyd* is that "strictly speaking the wife of a victim was not, herself, an accident victim, and not within the class whom the Act was designed to protect." *Bailey*, 662 S.W.2d at 835. In other words, had the wife herself been in the vehicle and a part of the accident, then her loss of consortium claim would have been covered by the MVRA because being the victim of a motor vehicle accident is all that is necessary to bring a person within the ambit of its protection so far as the statute of limitations is concerned. *Id.* To state it another way, *Floyd* involved a second-order injury to a third-party who was not literally the victim of a motor vehicle accident. That

---

[6] The Court does highlight, however, that the BRB would not have been payable by T and J Land Co.'s insurer. But that is because the MVRA declares for pedestrians that those benefits will be covered by "the security covering the vehicle which struck such pedestrian." KRS 304.39-050(1).

is simply not the case for Miller, whose injury is literally attributable to a motor vehicle accident.

The Court further misconstrues *Bailey* by stating *Bailey* compels us to consider the position of the parties and whether they were motorists. But *Bailey* emphatically declares "KRS 304.39–060 is not concerned with whether the action is against a motorist or nonmotorist, but with entirely different subjects[.]" *Id.* at 834. So, the status of the defendant as a motorist or non-motorist is not to be considered under *Bailey.* It then states "[t]he purview of the Act is motor vehicle accident victims . . . the plaintiff *is* the victim of the motor vehicle accident and *is* within the class whom the Act is designed to protect, regardless of whether the tortfeasor is a motorist or a nonmotorist." *Id.* at 835. Under a straight-forward reading of *Bailey*, Miller is covered. He is the victim of a motor vehicle accident; the status of T and J as a non-motorist is irrelevant; and Miller received BRB benefits as a result of his injury. Lastly, as regards *Bailey*, the Court ignores that decision's concern that multiple claims against different classes of tortfeasors arising from one motor vehicle accident should all be governed by one statute of limitations—the MVRA's. *Id.* at 834.[7]

Finally, there is *Troxell.* This case cannot be understood without accounting for the fact that it decided, once and for all, that the applicability of the statute of limitations under the MVRA was not contingent on the receipt of or entitlement to BRB benefits. *Troxell*, 730 S.W.2d at 526. This Court had

---

[7] Indeed, the Court's decision can only be understood as implicitly overruling this portion of *Bailey.*

25

wrestled with that question for several years. *Id.* We definitively settled the issue by holding the MVRA's statute of limitations "applies alike to everyone who uses a motor vehicle on the public roads in Kentucky[,]" i.e, is an operator or user of motor vehicles. *Id.* It is true the specific issue involved in that case was whether a motorcyclist was covered and *Troxell* can be distinguished on its facts; but *Troxell* was rendered with an overarching purpose of clearing up a general question of law. In so doing, the Court went on to hold,

> [o]ur decision in *Bailey v. Reeves* recognizes that "the purview of the Act is motor vehicle accident victims." The appellant makes his claim as a motor vehicle accident victim, and as such he is within the "purview of the Act." 662 S.W.2d at 835.

*Id.* The same is true here. Miller makes his claim as a motor vehicle accident victim and is therefore within the purview of the MVRA. That the theory of how T and J Land Co is liable for his injury—which is a premises liability theory of duty and breach—does not change the fact that the *injury* of Miller stems from a motor vehicle accident. Consequently, I would affirm the Court of Appeals. Having found no statutory basis in the record on appeal to exclude Miller from the MVRA's statute of limitations and considering precent that all-but-commands us to consider Miller covered, I cannot concur with the majority in this decision.

Lambert, J., joins.

26

COUNSEL FOR APPELLANT:

Robert E. Maclin, III
McBrayer PLLC


COUNSEL FOR APPELLEE:

Jerome P. Prather
J. Conner Niceley
Garmer & Prather, PLLC